Filed 6/16/23  P. v. Brown CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODNEY E. BROWN,<br><br>    Defendant and Appellant. | B317284<br><br>(Los Angeles County<br>Super. Ct. No. A392650) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Reversed and remanded with directions.

Corey J. Robins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel C. Chang and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

Defendant Rodney E. Brown appeals from an order denying his petition for resentencing pursuant to Penal Code section 1172.6.[1]  The Attorney General concedes the trial court erred. We reverse and remand with directions.

## II. BACKGROUND

### A.    *Conviction*

On October 6, 1983, the Los Angeles County District Attorney filed an information charging defendant and two codefendants with two counts of murder (§ 187).  On January 3, 1986, defendant pled guilty to count one, namely, the second degree murder of Kenneth Johnson.  During the change of plea hearing, the prosecutor proffered that this case involved a May 22, 1983, shooting between two rival gangs.  The prosecutor further explained that he was unable to determine, based on the forensic evidence, "who actually performed the killing act . . . ."

### B.    *First Section 1172.6 Petition*

On February 8, 2019, defendant filed a section 1172.6 petition, declaring that:  an information had been filed against

---

[1]    Further statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  To avoid confusion, all further references to section 1172.6 shall include former section 1170.95.

him, which allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he pled guilty to first or second degree murder; and he could not now be convicted of first or second degree murder because of changes to sections 188 and 189. Defendant did not request the appointment of counsel.

On April 19, 2019, the trial court issued a minute order denying the petition. Among other things, the court relied upon a post-plea probation report, which included defendant's statement to the probation officer that "[m]e and [a codefendant] fired the rifles" to conclude that defendant had not been convicted under the felony murder rule or the natural and probable consequences doctrine and therefore was ineligible for relief as a matter of law.

C.    *Denial of Second Petition*

On November 19, 2021, following the issuance of our Supreme Court's opinion in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), defendant filed a second section 1172.6 petition. Defendant again declared that he had pled guilty to first or second degree murder instead of proceeding to trial because he believed that he could have been convicted under the felony murder rule or the natural and probable consequences doctrine, and that he was not the actual killer. In this petition, defendant requested the appointment of counsel.

The trial court did not appoint counsel to represent defendant. Instead, on December 3, 2021, the court summarily denied the petition.

Defendant timely appealed.

3

# III. DISCUSSION

A.    *Section 1172.6*

Section 1172.6 "creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis, supra,* 11 Cal.5th at p. 957; *People v. Drayton* (2020) 47 Cal.App.5th 965, 973 (*Drayton*), abrogated by *Lewis, supra,* 11 Cal.5th at p. 963.) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'" (*Drayton, supra,* 47 Cal.App.5th at p. 978 . . . , quoting Cal. Rules of Court, rule 4.551(c)(1).) '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton,* [*supra,* 47 Cal.App.5th] at p. 978, fn. omitted, citing *In re Serrano* (1995) 10 Cal.4th 447, 456 [(*Serrano*)] . . . .) 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."' (*Drayton,* [*supra,* 47

Cal.App.5th] at p. 979, quoting *Serrano,* [*supra,* 10 Cal.4th] at p. 456.)

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' (*Drayton, supra,* 47 Cal.App.5th at p. 980.) . . . [T]he 'prima facie bar was intentionally and correctly set very low.'" (*Lewis, supra,* 11 Cal.5th at pp. 971–972.)

### B.     *Trial Court Erroneously Denied Section 1172.6 Petition*

The Attorney General concedes that, on these facts, the doctrine of collateral estoppel did not bar defendant's second section 1172.6 petition. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 950.) The Attorney General further concedes that there was nothing in the record before the trial court that demonstrated defendant was ineligible for relief as a matter of law. Thus, the Attorney General does not dispute that the court erred in denying the petition and suggests that we remand for the court to "conduct prima facie proceedings under section 1172.6, subdivision (c) . . . . and issue an order to show cause if necessary." We accept the Attorney General's concession and remand with instructions for the court to appoint counsel and conduct a prima facie hearing. Defendant recommends that we remand with instructions to issue an order to show cause without requiring that the court conduct a prima facie hearing. Neither the trial court, nor we,[2] have considered the record in defendant's underlying criminal case. (See *Lewis, supra,* 11 Cal.5th at

---

[2]     At defendant's request, we took judicial notice of only portions of the record in defendant's underlying conviction.

5

pp. 970–971 [trial court may rely on the record of conviction at the prima facie stage].)  Accordingly, we believe the more prudent course is to direct the court to conduct a prima facie hearing.

## IV.  DISPOSITION

The order denying defendant's section 1172.6 petition is reversed.  The matter is remanded to the trial court with directions to appoint counsel for defendant and conduct prima facie proceedings pursuant to section 1172.6, subdivision (c).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.

6